UNITED STATES *v.* BLACKMAN.[1]

*(Circuit Court, E. D. Missouri.* September 21, 1883.)

CRIMES— POSTAL SERVICE — DETAINING AND OPENING MERCHANDISE — REV. ST. § 3891.

> It is a criminal offense, under section 3891 of the Revised Statutes, for any one in the employ of any department of the postal service to unlawfully detain, delay, or open any mailable packet of merchandise which has come into his possession, and which is intended to be conveyed by mail.

Indictment under Rev. St. § 3891.

*William H. Bliss,* U. S. Atty., for the Government.

*Mason G. Smith,* for defendant.

McCRARY, J.  The indictment charges that the defendant, "on this twenty-second day of March, in the year of our Lord one thousand eight hundred and eighty-three, at said district, being then and there a person employed in a certain department of the postal service of the United States, to-wit, a postal clerk in the railway mail service of the United States, unlawfully did detain, delay, and open a certain packet then and there containing tea, which said packet had then and there come into the possession of him, the said Blackman, and which said packet was then and there intended to be conveyed by mail, contrary to the form of the statute," etc.

The question to be determined is whether there is any statute of the United States which provides for the punishment of the offense here charged.

Section 3891 of the Revised Statutes provides for the punishment of any one employed in any department of the postal service "who shall unlawfully detain, delay, or open any letter, packet, bag, or mail of letters intrusted to him or which has come into his possession, and which was intended to be carried by mail," etc.

The language is taken literally from the act of June 8, 1872, § 146, (17 St. 202,) and it was there copied from the act of March 3, 1825, § 21, (4 St. 107.)

It is insisted that the offense here described is that of detaining, delaying, or opening a packet of letters, and that the statute does not provide for the case of the detention or opening of a package or packet of merchandise sent through the mails.  In support of this view it is said that at the time the original act was passed (1825) there was no law authorizing the sending of merchandise by mail, and that, therefore, congress could not have intended to provide for such a case.  There would certainly be great force in this argument if the act of 1825 had remained in force and the indictment had been found under its provisions.  But that act is expressly repealed by the act of 1872, and the latter is enacted as a new, independent, and original

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

statute.   1 am therefore of the opinion that the meaning of the words "letter, packet, bag, or mail of letters" must be determined by reference to the provisions of the law defining mailable matters which was in force when the latter act was passed—by section 130 of the act of 1872.

Mailable matter is divided into three classes, and in the third class is included "samples of merchandise not exceeding twelve ounces in weight."   This definition of mailable matter is found in the same act which punishes the detention or opening of "any letter, packet, bag, or mail of letters," and I am therefore of the opinion that the construction contended for by defendant's counsel is too narrow and technical.   If the statute had provided for mailing only letters, then we should have understood that the packet referred to was a packet of letters; but since the statute authorized the mailing of packets of merchandise, I hold that such packets were likewise included in the criminal provision under consideration.   To hold otherwise would be to assume that congress intended to provide for mailing packets both of letters and of merchandise, but did not intend to punish employes for tampering with the latter.   The more reasonable construction is that the word "packet" in the statute in question means any packet which is mailable.

The judgment of the district court is accordingly affirmed.